IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**CENTER FOR INVESTIGATIVE REPORTING**
PO Box 584
San Francisco, CA 94104

        Plaintiff,

  v.

**FEDERAL BUREAU OF PRISONS**
320 First Street, NW
Washington, DC 20534

        Defendant.

Civil Action No. _____

## COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

The Center for Investigative Reporting ("CIR" or "Plaintiff"), by and through its undersigned counsel, hereby alleges as follows:

1. Plaintiff brings this action under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), for declaratory, injunctive, and other appropriate relief against the Federal Bureau of Prisons ("BOP" or "Defendant").

2. By this action, Plaintiff seeks to compel Defendant to comply with its obligations under FOIA to release records related to federal prisoner Ghislaine Maxwell's transfer to Federal Prison Camp Bryan. Plaintiff is statutorily entitled to the disclosure of these records, and Defendant has improperly withheld them in violation of FOIA.

## Jurisdiction and Venue

3. The Court has subject matter jurisdiction over this action and personal jurisdiction over Defendant under 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

4. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

## Parties

5. Plaintiff CIR is an award-winning national investigative news organization, founded in 1976. CIR is a non-profit organization established under the laws of the State of California, with its primary office in San Francisco, California. CIR publishes *Reveal*, an online news site at revealnews.org; a radio show (also called *Reveal*) with approximately one million weekly listeners across more than 500 public radio stations; and *Mother Jones* magazine.

6. Defendant BOP is an agency of the federal government within the meaning of 5 U.S.C. § 551 and 5 U.S.C. § 552(f)(1) that has possession, custody, or control of the records that the Plaintiff seeks. BOP is headquartered in Washington, DC.

## Facts

7. Ghislaine Maxwell, a longtime associate of disgraced financier Jeffrey Epstein, was convicted on December 29, 2021, of conspiring with Epstein to recruit and groom girls Epstein abused. Abigail Weinberg, *Ghislaine Is Guilty*, Mother Jones (Dec. 29, 2021), https://www.motherjones.com/criminal-justice/2021/12/ghislaine-maxwell-guilty-epstein-sexual-abuse-crimes-little-black-book/. As a result, Maxwell was sentenced to 20 years in prison. U.S. Department of Justice, *Ghislaine Maxwell*

*Sentenced To 20 Years In Prison For Conspiring With Jeffrey Epstein To Sexually Abuse Minors* (June 28, 2022), https://www.justice.gov/usao-sdny/pr/ghislaine-maxwell-sentenced-20-years-prison-conspiring-jeffrey-epstein-sexually-abuse.

8. In July 2025, Maxwell and her attorneys met with high-ranking Justice Department officials. Erica Orden, *Ghislaine Maxwell transferred to less restrictive prison after DOJ meeting*, POLITICO (Aug. 1, 2025), https://www.politico.com/news/2025/08/01/ghislaine-maxwell-prison-doj-meeting-00488424. Days later, she was transferred from FCI Tallahassee, a low-security prison, to Federal Prison Camp Bryan, a minimum-security prison. *Id*. Justice Department officials did not elaborate on the reasons for her transfer. *Id*.

9. On October 6, 2025, Plaintiff submitted a FOIA request to the BOP FOIA Office, via email at BOP-OGC-EFOIA-S@BOP.GOV (the "Request").

10. The Request sought:

[A]ll records mentioning or referencing Maxwell's transfer to Federal Prison Camp Byran. This includes emails, memoranda, transfer orders, phone messages, texts, electronic chats, and any other communications, whether internal to BOP or between BOP personnel and any other governmental or nongovernmental personnel. The timeframe his request is all records generated, sent, or received from January 1, 2025, to the date a search for responsive records is conducted.

11. The Request noted that the date range for the requested records was January 1, 2025, to the date a search is conducted.

12. The Request sought a fee benefit as a representative of the news media pursuant to 5 U.S.C. § 552(a)(4)(A) and set forth facts in support thereof.

13. The same day, on October 6, Plaintiff received an automated reply stating: "The appropriation that funds BOP FOIA salaries has lapsed, and as a result, we have been furloughed. We will not be in the office or responding to emails until government operations have been funded and the shutdown has ended." A true and correct copy of this communication is attached hereto as **Exhibit 1**.

14. On November 14, two days after appropriations were restored and having not received a response from BOP, Plaintiff forwarded the Request to the BOP FOIA Office, stating: "Resending to make sure this was received."

15. Plaintiff received a second automated reply on November 14, which stated that the "FOIA/PA Section has received your email and will respond to you as quickly as possible." A true and correct copy of this communication is attached hereto as **Exhibit 2**.

16. On November 20, Plaintiff received a letter from BOP acknowledging the Request (the "Acknowledgement"), assigning tracking number 2026-00284, and stating that BOP "anticipate[s] processing your request will take up to 9 months." A true and correct copy of the Acknowledgement is attached hereto as **Exhibit 3**.

17. As of the date of the filing of this Complaint, it has been approximately 100 calendar days and 65 business days since Plaintiff submitted the Request to Defendant.

18. As of the date of the filing of this Complaint, Plaintiff has received no further communications from Defendant regarding the Request.

4

## PLAINTIFF'S CLAIMS FOR RELIEF

### COUNT I
### Violation of FOIA for Failure to Comply with Statutory Deadlines

19. Plaintiff re-alleges and incorporates by reference the preceding paragraphs of the Complaint.

20. Defendant is an agency subject to FOIA.

21. By submitting the Request, Plaintiff properly requested records within the possession, custody or control of Defendant.

22. Defendant failed to make determinations with respect to the Request within the timeframe required by FOIA. 5 U.S.C. § 552(a)(6)(A).

23. Defendant's failure to provide determinations with respect to the Request within the statutory required timeframe is a violation of FOIA.

24. Plaintiff has or is deemed to have exhausted applicable administrative remedies with respect to the Request. 5 U.S.C. § 552(a)(6)(A)(ii); *id.* § 552(a)(6)(C)(i).

### COUNT II
### Violation of FOIA for Wrongful Withholding of Agency Records

25. Plaintiff re-alleges and incorporates by reference the preceding paragraphs of the Complaint.

26. Defendant is an agency subject to FOIA.

27. By submitting the Request, Plaintiff properly requested records within the possession, custody or control of Defendant.

28. The Request complied with all applicable regulations regarding the submission of FOIA requests.

29.  Defendant has not released any records or portions thereof in response to the Request.

30.  Defendant has not cited any exemptions to withhold records or portions thereof that are responsive to the Request.

31.  Defendant has not identified whether or how release of the records sought by the Request would foreseeably harm an interest protected by a FOIA exemption or why disclosure is prohibited by law.  5 U.S.C. § 552(a)(8).

32.  Defendant has improperly withheld records responsive to the Request in violation of FOIA.  5 U.S.C. § 552(a)(3)(A).

## Requested Relief

WHEREFORE, Plaintiff respectfully requests that this Court:

(1)  Issue a declaration that Defendant's failure to provide a determination with respect to the Request within the required statutory deadline is a violation of FOIA;

(2)  Order Defendant to complete its search for records responsive to the Request, and to issue determinations with respect to the Request;

(3)  Order Defendant to release all non-exempt records or portions thereof responsive to the Request;

(4)  Issue a declaration that CIR is entitled to disclosure of the records responsive to the Request;

(5)  Enjoin Defendant from continuing to withhold any and all non-exempt records or portions thereof responsive to the Request;

(6) Award Plaintiff reasonable attorney fees and costs incurred in this action under 5 U.S.C. § 552(a)(4)(E); and

(7) Grant such other relief as the Court may deem just and proper.

Dated: January 14, 2026

    Respectfully submitted,

*/s/ Adam A. Marshall*
Adam A. Marshall
D.C. Bar No. 1029423
Email: amarshall@rcfp.org
REPORTERS COMMITTEE FOR FREEDOM THE PRESS
1156 15th Street NW, Suite 1020
Washington, DC 20005
Phone: 202.795.9308
Facsimile: 202.795.9310

*Counsel for Plaintiff*