UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CENTER FOR INVESTIGATIVE
REPORTING,

      Plaintiff,

    v.

FEDERAL BUREAU OF PRISONS,

      Defendant.

Civil Action No. 26-0104 (RCL)

**ANSWER**

Defendant, the Federal Bureau of Prisons ("BOP"), by and through undersigned counsel, respectfully submits this Answer to the Complaint (ECF No. 1) filed by Plaintiff, Center for Investigative Reporting ("Plaintiff") in this case brought under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials in this response. However, Defendant's references are not intended to be, and should not be construed as, an admission that the cited materials are correctly cited or quoted by Plaintiff; relevant to this, or any other, action; or admissible in this, or any other, action. Defendant expressly denies all allegations in the Complaint, including the relief sought, that are not specifically admitted to or otherwise qualified in this Answer. Defendant responds to the Complaint in corresponding, numbered paragraphs as follows:

## COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF[1]

1.      Paragraph 1 consists of Plaintiff's characterization of its Complaint, to which no response is required.  To the extent a response is deemed required, Defendant admits only that Plaintiff purports to bring this action under the FOIA, 5 U.S.C. § 552 *et seq.* seeking injunctive and declaratory relief.

2.      This paragraph consists of Plaintiff's characterization of its Complaint and conclusions of law, to which no response is required.  To the extent a response is deemed required, Defendant denies all allegations that Defendant has acted improperly or violated FOIA.

### Jurisdiction and Venue

3.      This paragraph states legal conclusions regarding jurisdiction, to which no response is required.  To the extent a response is deemed required, Defendant admits only that jurisdiction is subject to the terms and limitations of FOIA and pursuant to 28 U.S.C. § 1331.

4.      This paragraph states a legal conclusion regarding venue, to which no response is required.  To the extent a response is deemed required, Defendant only admits that venue is proper in this district subject to the terms and limitations of FOIA.

### Parties

5.      Defendant lacks sufficient information and knowledge to form a belief as to the truth of the allegations contained in Paragraph 5.

6.      Defendant only admits that BOP is a federal agency with a headquarters in Washington, DC and that BOP is a component of the Department of Justice ("DOJ") which is an agency within the meaning of 5 U.S.C. § 552(f)(1) and.  The remaining allegation in Paragraph

---

[1]     For ease of reference, Defendant refers to Plaintiff's headings and titles, but to the extent those headings could be construed to contain factual allegations, those allegations are denied.

6 consists of a conclusion of law, to which no response is required.

## Facts

7.      The allegations contained in Paragraph 7 do not set forth claims of relief or aver facts in support of a claim under FOIA, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f). To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the extent of that public interest, including as compared to any countervailing interest.

8.      The allegations contained in Paragraph 8 do not set forth claims of relief or aver facts in support of a FOIA claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f). To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the extent of that public interest, including as compared to any countervailing interest.

9.      Defendant admits that BOP received a FOIA request ("Request") from Plaintiff dated October 6, 2025.  Defendant avers that the Request is the best evidence of its contents, respectfully refers the Court to the Request, and denies any allegations inconsistent therewith.

10.      Defendant admits only that this paragraph reflects portions of Plaintiff's FOIA request.  Defendant avers that the Request is the best evidence of its contents, respectfully refers the Court to the Request, and denies any allegations inconsistent therewith.

11.      Defendant admits only that this paragraph reflects portions of Plaintiff's FOIA

request regarding the date range for the requested records. Defendant avers that the Request is the best evidence of its contents, respectfully refers the Court to the Request, and denies any allegations inconsistent therewith.

12.     Defendant admits only that Plaintiff's FOIA request sought a waiver of fees. Defendant avers that the Request is the best evidence of its contents, respectfully refers the Court to the Request, and denies any allegations inconsistent therewith.

13.     Defendant admits only that Plaintiff's Exhibit 1 reflects BOP's email to Plaintiff regarding the government shutdown.  Defendant avers that Exhibit 1 is the best evidence of its contents, respectfully refers the Court to Exhibit 1, and denies any allegations inconsistent therewith.

14.     Defendant lacks sufficient information and knowledge to form a belief as to the truth of the allegations contained in Paragraph 14.

15.     Defendant admits only that Plaintiff's Exhibit 2 reflects BOP's email response to Plaintiff regarding the restoration of FOIA operations following the government shutdown. Defendant avers that Exhibit 2 is the best evidence of its contents, respectfully refers the Court to Exhibit 2, and denies any allegations inconsistent therewith.

16.     Defendant admits that BOP acknowledged receipt of Plaintiff's Request on or about November 20, 2025, and assigned it FOIA Request Number 2026-00284. Defendant admits further that Plaintiff's Exhibit 3 is the best evidence of its contents, respectfully refers the Court to Exhibit 3, and denies any allegations inconsistent therewith.

17.     Defendant admits the allegations in Paragraph 17.

18.     Defendant admits only that BOP has not issued a determination or produced records to Plaintiff as of this date.  Defendant denies the remaining allegations in Paragraph 18.

PLAINTIFF'S CLAIMS FOR RELIEF

## COUNT I
**Violation of FOIA for Failure to Comply with Statutory Deadlines**

19.    Defendant re-alleges and re-incorporates the responses contained in foregoing paragraphs 1-18 of this Answer as if fully set forth herein.

20.    Paragraph 20 consists of legal conclusions to which no response is required.

21.    Paragraph 21 consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

22.    Paragraph 22 consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

23.    Paragraph 23 consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

24.    Paragraph 24 consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

## COUNT II
**Violation of FOIA for Wrongful Withholding of Agency Records**

25.    Defendant re-alleges and re-incorporates the responses contained in foregoing paragraphs 1-24 of this Answer as if fully set forth herein.

26.    Paragraph 26 consists of legal conclusions to which no response is required.

27.    Paragraph 27 consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

28.    Paragraph 28 consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

29.    Paragraph 29 consists of legal conclusions to which no response is required. To

the extent a response is deemed required, Defendant denies the allegations in this paragraph.

30.    Paragraph 30 consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

31.    Paragraph 31 consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

32.    Paragraph 32 consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

## REQUESTED RELIEF

The remaining portions of the Complaint contain Plaintiff's request or prayer for relief to which no response is required.  To the extent that a response is deemed required, Defendant denies that Plaintiff is entitled to the relief requested or to any relief whatsoever.

## DEFENSES

Defendant asserts the following additional defenses to the Complaint.  In asserting these defenses, Defendant does not assume the burden to establish any fact or proposition where that burden is properly imposed on Plaintiff. Defendant reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendant throughout the course of this litigation.

## FIRST DEFENSE

To the extent the Complaint alleges background facts unnecessary to the consideration of Defendant's response to the FOIA request at issue, the Complaint violates Rule 8(a)(2) by alleging information that is unnecessary to a "short and plain" statement of the claim.  The Court should strike all such immaterial and impertinent matters pursuant to Rule 12(f).  *See Mich. Immigr. Rts. Ctr. v. Dept't. of Homeland Sec.*, Civ. A. No. 16-14192, 2017 WL 2471277, at *3 (E.D. Mich.

June 8, 2017) (deeming stricken under Rule 12(f) background facts alleged in a FOIA Complaint: "In this unique context, requiring Defendants to answer allegations in Plaintiffs' complaint that they would not otherwise be required to answer, and that are not material to Plaintiffs' FOIA claim, would prejudice Defendants."); *Roberts v. Dep't of Just.*, Civ. A. No. 05-2543, 2005 WL 33714800, at *11 (E.D.N.Y. Dec. 12, 2005) (striking allegations of background facts; concluding the plaintiff's "allegations are irrelevant to the validity of [[his] FOIA claims").

## SECOND DEFENSE

The Court lacks subject matter jurisdiction over any of Plaintiff's requests for relief that exceed the relief authorized by FOIA.

## THIRD DEFENSE

Plaintiff is not entitled to compel the production of any record or portion of any record protected from disclosure by one or more of the exclusions or exemptions to FOIA or the Privacy Act, 5 U.S.C. § 552a, or other applicable law.

## FOURTH DEFENSE

Defendant exercised due diligence in responding to Plaintiff's FOIA request and exceptional circumstances exist that necessitate additional time for Defendant to search for and process records, if any, that may be responsive to Plaintiff's FOIA request.

## FIFTH DEFENSE

Plaintiff is not eligible for, nor entitled to, attorneys' fees and costs in this matter.

## SIXTH DEFENSE

Defendant has not improperly withheld records requested by Plaintiff under FOIA.

## SEVENTH DEFENSE

At all times, Defendant acted in accordance with the law and in good faith.

**EIGHTH DEFENSE**

Defendant's actions or inactions did not violate the FOIA or any other statutory or regulatory provision.

**NINTH DEFENSE**

Plaintiff is not entitled to the production of non-exempt portions of records, if any, that are not reasonably segregable from exempt portions of records.

**TENTH DEFENSE**

Plaintiff is not entitled to the injunctive relief requested, and there is no provision of FOIA for obtaining declaratory relief. 5 U.S.C. § 552(a)(4)(B).

Dated: March 30, 2026
Washington D.C.

Respectfully submitted,

JEANNINE FERRIS PIRRO
United States Attorney

By:   */s/ Thomas W. Duffey*
THOMAS W. DUFFEY
Assistant United States Attorney
601 D Street N.W.
Washington, D.C. 20530
Telephone: (202) 252-2510

*Attorneys for the United States*