UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR INVESTIGATIVE REPORTING,<br><br>     Plaintiff,<br><br>   v.<br><br>FEDERAL BUREAU OF PRISONS,<br><br>     Defendant. | Civil Action No. 26-0104 (RCL) |

## SECOND JOINT STATUS REPORT

Plaintiff, the Center for Investigative Reporting ("Plaintiff"), and Defendant, the Federal Bureau of Prisons ("BOP"), submit this Joint Status Report pursuant to the Court's April 3, 2026 Order (ECF No. 10) in this Freedom of Information Act ("FOIA") matter.

Plaintiff filed its complaint on January 14, 2026 (ECF No. 1). Defendant answered the complaint on March 30, 2026 (ECF No. 9). This matter involves Plaintiff's October 6, 2025, FOIA request to BOP seeking records related to the transfer of Ghislaine Maxwell to Federal Camp Bryan.

_Defendant's Statement:_ Due to BOP's short staffing, staff on leave, and its FOIA workload, BOP needs additional time for processing and reviewing this request. BOP currently has only two attorneys covering FOIA litigation across the country. One of these attorneys is still in training and in their probationary period. There are only two staff members available to work on this request. BOP FOIA Staff, including attorneys and processors, are currently handling, or assisting with, over 50 active cases in multiple federal districts. Additionally, BOP currently has a backlog of over 7,250 FOIA requests pending.

Nonetheless, BOP has completed its initial search and download of records, which resulted in 12,867 emails (18.67 GB) of potentially responsive records. At this time, BOP has processed 996 emails out of 12,867 emails.  63 emails out of 12,867 are potentially responsive.  BOP will continue conducting the responsiveness and deduplication of the records as expeditiously as possible. Plaintiff requests BOP complete the responsiveness and deduplication review by July 27, 2026. However, BOP FOIA staff does not believe it will be feasible to complete the responsiveness and deduplication review by July 27, 2026, given other court deadlines on BOP litigation and the limited number of staff available to work on this request.

BOP will provide Plaintiff a production schedule as soon as the agency determines the total number of responsive records in this request. Completing responsiveness and deduplication reviews before production begins ensures deduplication efforts are effective and eliminates redundant material, ultimately resulting in a cleaner production for the requester. BOP's practice is to complete the production schedule prior to sending out interim releases in order to avoid producing duplicate records.  Once the production schedule is identified, BOP will begin making monthly productions as expeditiously as possible. BOP requests another JSR in 2 months, on August 26, 2026, to update the Court on the status of the responsiveness and deduplication review of Plaintiff's FOIA request.

*Plaintiff's statement*:

This suit has been pending for 6 months and Plaintiff has yet to receive a single record; Defendant does not explain why it cannot issue rolling releases of already-processed material as it proceeds with its responsiveness and de-duplication review.  As the D.C. Circuit has explained, "unreasonable delays in disclosing non-exempt documents violate the intent and purpose of the FOIA, and the courts have a duty to prevent these abuses." *Payne Enters., Inc. v. United States*,

837 F.2d 486, 494 (D.C. Cir. 1988) (citation omitted).  Accordingly, Plaintiff respectfully requests that Defendant complete its responsiveness and deduplication review by July 27, 2026 and commence productions at a rate of no fewer than 500 pages per month.  This relief is consistent with the "broad equitable authority" that FOIA "vests [with] courts" "to fashion remedies" thereunder.  *Citizens for Resp. & Ethics in Wash. v. Dep't of Just.*, 846 F.3d 1235, 1242 (D.C. Cir. 2017); *see also Dietz v. Bouldin*, 579 U.S. 40, 47 (2016) ("[D]istrict courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases."); *Am. Oversight v. Dep't of State*, 414 F. Supp. 3d 182, 186 (D.D.C. 2019) (explaining that a court can supervise production "under its customary . . . authority in FOIA matters").

Plaintiff's proposed order accompanies this filing.

\*          \*          \*

The parties agree that at this time that preparation of a *Vaughn* index, and/or summary judgment briefing is premature. Once the responsiveness and deduplication review is complete, the parties will establish a processing schedule for any responsive records that are identified.

Dated:  June 26, 2026
        Washington, DC

By: */s/ Gunita Singh*
GUNITA SINGH
Reporters Committee for
Freedom of the Press
1156 15th Street, NW
Suite 1020
Washington, D.C. 20005
(646) 352-2956

*Attorney for Plaintiff*

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney


By:              /s/
    THOMAS W. DUFFEY
    Assistant United States Attorney
    601 D Street, NW
    Washington, DC 20530
    (202) 252-2510

*Attorneys for the United States of America*